UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20353-Civ-COOKE/TORRES

CARNIVAL CRUISE LINE,

    Plaintiff,

vs.

ZARCO STANKOVIC,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING REGARDING OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT

In my Omnibus Order on Motions for Summary Judgment (ECF No. 95), I held that because there was conflicting testimony as to whether Defendant Zarco Stankovic learned about the South Miami Hospital/University of Miami pathology reports before signing the Release, summary judgment is inappropriate. (*Id.* at 10). In the last paragraph of the Order, I concluded that "[w]hether there was a misdiagnosis [of Stankovic's medical condition], and whether there was a fraudulent conspiracy to induce Stankovic to execute the Release, are questions of fact for the jury." (*Id.* at 10-11).

Plaintiff Carnival Cruise Line ("Carnival") now moves for reconsideration or rehearing of the Order, asserting:

> In denying Carnival's motion for summary judgment, this Court seemed to be under the misapprehension that this case is set for jury trial such that a jury should resolve the factual issues, if any. Instead, this case is set for bench trial back before this Court.

(ECF No. 100 at 1).

Carnival argues that because of this misapprehension, I analyzed the parties' Motions for Summary Judgment (ECF Nos. 57, 73) under the wrong standard. Carnival argues that because there will be a bench trial in this case, I am "in an enhanced position to draw inferences and resolve the action" at the summary judgment stage without resort to the expense of trial. *Useden v. Acker*, 947 F.2d 1563, 1572 (11th Cir. 1991).

I agree that the Eleventh Circuit has indicated that a more relaxed summary judgment standard applies to non-jury cases. *See Coats & Clark, Inc. v. Gary*, 755 F.2d 1506, 1509 (11th

Cir. 1985). In a non-jury setting "where there are no issues of witness credibility, the Court may make factual determinations and draw inferences at the summary judgment stage based on the affidavits, depositions and other evidence in the record, because '[a] trial on the merits would reveal no additional data' nor 'aid the determination.'" *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1251 (11th Cir. 2016) (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978)).

The enforceability of the Release and the viability of Stankovic's counterclaims turn on, *inter alia*, whether anyone ever discussed with Stankovic the South Miami Hospital/University of Miami pathology reports before he signed the Release.[1] Carnival asserts that "[t]here are no additional witnesses to testify or information to be gleaned regarding Dr. Giorgio and Stankovic's consultations. . . . [T]he only inference that can be drawn from this evidence is that Dr. Giorgio informed Stankovic of his medical condition. There is no additional evidence on this point, making a bench trial unnecessary." (ECF No. 100). I disagree.

As I noted in the Order, there is conflicting testimony as to whether Stankovic learned about the South Miami Hospital/University of Miami pathology reports before signing the Release.[2] (ECF No. 95). Dr. Giorgio testified that he did, Stankovic testified that he he did not. To resolve that conflict, I necessarily will have to determine the credibility of the witnesses. *Cf. Fla. Int'l Univ. Bd. of Trustees*, 830 F.3d 1242 at 1251. It is well settled in this Circuit that personal observation of testimony is the *sine qua non* of determining witness credibility. *See, e.g., Tippitt v. Reliance Standard Life Ins. Co.,* 276 F. App'x 912, 915 (11th Cir. 2008) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony . . . ."); *Carr v. Schofield*, 364 F.3d 1246, 1265 (11th Cir. 2004) ("The determination of credibility . . . is within the province of the district court, which has the opportunity to observe and study the witness."). *Ronel Corp. v. Anchor Lock of Fla., Inc.*, 325 F.2d

---

[1] To prevail, Stankovic also will need to prove that Dr. Giorgio misdiagnosed him, and that Dr. Giorgio and Carnival conspired to hide that misdiagnosis to induce Stankovic to sign the Release.

[2] In my Order, I cite several decisions standing for the general principle that a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013); *see Reid v. Sec., Fla. Dept. of Corr.*, 486 F. App'x 848, 852 (11th Cir. 2012); *Price v. Time, Inc.*, 416 F.3d 1327, 1345 (11th Cir. 2005). None of those decisions expressly limit their holdings to cases that will proceed to a jury, rather than a bench, trial.

889, 890 (5th Cir. 1963) ("[T]he credibility of those witnesses is crucial, and it would be erroneous, by a summary judgment, to deprive either party of a 'live trial' at which the trial court could observe the witnesses' demeanor in evaluating their testimony.").

In light of the above, I decline to reconsider my Order denying Carnival's Motion for Summary Judgment.

## CONCLUSION

It is, therefore, **ORDERED** and **ADJUDGED** that Carnival's Motion for Reconsideration or Rehearing Regarding Omnibus Order on Motions for Summary Judgment (ECF No. 100) is **DENIED**.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 11th day of April 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*